**Michael BENDIK,**

v.

**HARTFORD LIFE INSURANCE COMPANY, Defendant–Appellee,**

**Credit Suisse First Boston (USA), Inc., Defendant.**

**No. 08–4626–cv.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2009.

Scott M. Riemer (Joseph Anci, Christopher E. Chang, on the brief), Riemer & Associates, LLC, New York, NY, for Plaintiff–Appellant.

Byrne J. Decker, Pierce Atwood LLP, Portland, ME; Michael J. Levin, Barger & Wolen LLP, New York, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, JANE A. RESTANI, Judge.*

**SUMMARY ORDER**

Plaintiff–Appellant Michael Bendik appeals from an order of the United States District Court for the Southern District of New York (Preska, *J.*) granting summary judgment in favor of Defendant–Appellee Hartford Life Insurance Company ("Hartford") and denying Bendik's cross-motion for partial summary judgment. We assume the parties' familiarity with the factual and procedural history of this case and the issues raised on appeal.

The district court held that de novo review of Bendik's benefit determination was unwarranted because the plan clearly provided Hartford with discretionary au-

---

1. Crane acknowledges that his play opened in England and toured several English cities before a limited run in London.

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

thority, and Bendik failed to present any evidence suggesting that the denial of his benefits was in fact influenced by a conflict of interest. Rather, the court applied an *arbitrary and capricious* standard of review and concluded that Hartford's reliance on Dr. Sniger's medical report was neither arbitrary nor capricious.

Shortly before the district court's decision, however, the United States Supreme Court clarified "the appropriate standard of judicial review of benefit determinations by fiduciaries or plan administrators under § 1132(a)(1)(B)." *Metro. Life Ins. Co. v. Glenn*, — U.S. —, —, 128 S.Ct. 2343, 2347, 171 L.Ed.2d 299 (2008) (internal quotation marks and citation omitted). In *Metropolitan Life*, the Supreme Court recognized that structural conflict exists when an "entity that administers [a] plan ... both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," *id.* at 2346, and stated that "a conflict should be weighed as a factor in determining whether there is an abuse of discretion," *id.* at 2350 (internal quotation marks and citation omitted). A conflict should be afforded greater weight when "circumstances suggest a higher likelihood that it affected the benefits decision" and less weight "where the administrator has taken active steps to reduce potential bias and to promote accuracy." *Id.* at 2351. Nevertheless, "conflicts are but one factor among many that a reviewing judge must take into account." *Id.*

At the time the district court considered the cross-motions for summary judgment, neither party was aware of this decision and the district court was not alerted to its applicability. We therefore conclude that remand is necessary for the district court to apply the *Metropolitan Life* standard and to consider all of the relevant factors in reviewing Hartford's denial for abuse of discretion. *See, e.g., Metro. Life*, 128 S.Ct. at 2351–52 (affirming as proper the Sixth

Circuit's consideration of factors including, among others, the conflict of interest and the observation that the insurance company "had emphasized a certain medical report that favored a denial of benefits, had deemphasized certain other reports that suggested a contrary conclusion, and had failed to provide its independent vocational and medical experts with all of the relevant evidence").

For the foregoing reasons, we VACATE the opinion and judgment of the district court and REMAND this matter to the district court for a determination in accordance with this order.